UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
VINCENT E.V.,

                Plaintiff,         <u>DECISION AND ORDER</u>
                                      1:23-cv-02758-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2020, Plaintiff Vincent E.V.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket 10).

This case was referred to the undersigned on January 3, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For

------

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be denied, the

Commissioner's decision is due to be affirmed, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on February 28, 2020, alleging disability

beginning May 1, 2019. (T at 106, 146).[2]  Plaintiff's application was denied

initially and on reconsideration.  He requested a hearing before an

Administrative Law Judge ("ALJ").

A hearing was held on January 10, 2022, before ALJ Laura Michalec

Olszewski. (T at 71-105). Plaintiff appeared with an attorney and testified.

(T at 78-94). The ALJ also received testimony from Michele Erbacher, a

vocational expert. (T at 94-102).

A further hearing was held on September 7, 2022, before the same

ALJ. (T at 34-70). Plaintiff appeared with an attorney and offered additional

testimony. (T at 41-62). The ALJ also received testimony from Marian

Marracco, a vocational expert. (T at 63-69).

### B.    ALJ's Decision

On October 14, 2022, the ALJ issued a decision denying the

application for benefits. (T at 12-33).  The ALJ found that Plaintiff had not

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

engaged in substantial gainful activity since February 28, 2020 (the date he applied for benefits). (T at 17).  The ALJ concluded that Plaintiff's anxiety disorder and depressive disorder were severe impairments as defined under the Social Security Act. (T at 18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he can occasionally make work-related judgments and decisions and can tolerate occasional changes in a work setting. (T at 19). Plaintiff is limited to simple, routine, and repetitive tasks, involving no more than occasional interaction with supervisors and co-workers and no interaction with the public. (T at 19).

The ALJ noted that Plaintiff had no past relevant work. (T at 26). Considering Plaintiff's age (51 on the application date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 28, 2020 (the application date) and October 14, 2022 (the date of the ALJ's decision). (T at 27).  On February 2, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on April 3, 2023. (Docket No. 1).  On September 18, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 16).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits on November 30, 2023. (Docket No. 18).  On December 26, 2023, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two primary arguments in support of his request for

reversal of the ALJ's decision.  First, Plaintiff contends that the ALJ's

assessment of his mental impairments was flawed.  Second, he challenges

the ALJ's credibility determination.  This Court will address both arguments

in turn.

### A.    *Mental Impairments*

The ALJ recognized Plaintiff's anxiety disorder and depressive

disorder as severe impairments. (T at 18).  the ALJ concluded, however,

7

that Plaintiff did not have an impairment or impairments that met or medically equaled the criteria of Listing 12.04 (Depressive, bipolar and related disorders) or Listing 12.06. (Anxiety and obsessive compulsive disorder). (T at 18).

In reaching this conclusion, the ALJ found that Plaintiff had mild limitation with respect to understanding, remembering, or applying information; moderate impairment as to social interaction; moderate limitation regarding concentrating, persisting, or maintaining pace; and mild limitation with respect to adapting or managing himself. (T at 18-19).

As noted above, the ALJ concluded that Plaintiff retained the RFC to perform work requiring no more than occasionally work-related judgments, decisions, and changes; involving only simple, routine, and repetitive tasks; requiring no more than occasional interaction with supervisors and co-workers; and involving no interaction with the public. (T at 19).

Plaintiff argues that the ALJ's Listing analysis and RFC determination did not adequately address the evidence concerning his ability to remain on task, leave his home, and sustain a work schedule consistent with full-time employment.  For the following reasons, the Court concludes that the ALJ's decision is  supported by substantial evidence and is consistent with applicable law.

Dr. Todd Deneen performed a consultative psychiatric evaluation in February of 2021.  He diagnosed major depressive disorder (recurrent, mild), panic disorder, and generalized anxiety disorder. (T at 508).

Dr. Deneen opined that Plaintiff would have no limitation understanding or applying simple or complex directions; using reason and judgment to make work-related decisions; interacting adequately with supervisors, co-workers, or the public; sustaining regular attention at work; maintaining personal hygiene and attire; and being aware of hazards and taking precautions. (T at 507).

Dr. Deneen assessed mild limitation with respect to Plaintiff's ability to sustain concentration and perform at a consistent pace and moderate impairment with respect to regulating his emotions, controlling his behavior, and maintaining well-being. (T at 507).  He reported that his examination appeared to be consistent with psychiatric and cognitive problems but concluded that these problems did not appear to be significant enough to interfere with Plaintiff's ability to function on a daily basis. (T at 508).

Dr. Y. Sherer, a non-examining State Agency review physician, opined that Plaintiff had mild limitation with respect to understanding, remembering, or applying information; moderate impairment interacting with others; moderate limitation as to concentration, persistence, and pace;

and mild impairment in adapting or managing himself. (T at 114). Dr. H. Ferrin, another State Agency review physician, concluded that that Plaintiff had no limitation with respect to understanding, remembering, or applying information; moderate impairment interacting with others; moderate limitation as to concentration, persistence, and pace; and mild impairment in adapting or managing himself. (T at 133-34).

Dr. Michael Levy, Plaintiff's treating psychiatrist, submitted multiple medical source statements.

In April of 2021, Dr. Levy opined that Plaintiff may have difficulty in a work setting due to poor concentration; was limited in sustaining concentration and persistence, social interaction, and adaption; but had no limitation in understanding and memory. (T at 489-90). Dr. Levy wrote a letter in December of 2021, explaining that Plaintiff's impaired concentration and constant anticipated dread would preclude him from working a normal workday or workweek. (T at 542).

In May of 2022, Dr. Levy diagnosed panic disorder and major depressive disorder and opined that Plaintiff's symptoms would be severe enough to interfere with his attention and concentration 25% or more of a typical workday. (T at 673). He believed Plaintiff would be unable to maintain attendance at work. (T at 673). In another assessment, Dr. Levy

stated that Plaintiff would work for 4 hours per day, but had no limitation as to attention and concentration, social interaction, or maintaining appropriate behavior. (T at 497).

The ALJ reviewed and reconciled the medical opinion evidence, generally finding persuasive the assessments of mild to moderate impairment in the domains of functioning, while considering the more restrictive aspects of Dr. Levy's opinions unpersuasive. (T at 24-26).

The ALJ's reconciliation of the medical opinion evidence is consistent with and supported by a reasonable reading of the record.

Treatment notes from 2020 through 2022 documented consistent complaints of anxiety and agoraphobia, but were otherwise generally unremarkable, with Plaintiff being oriented to person, place, and time; with attitude, behavior, appearance, speech, thought, and perception within normal limits; and with Plaintiff attending several appointments in person because he needed to complete disability paperwork. (T at 20-22, 479, 488, 536, 628, 632, 636, 649, 664, 676).

During his examination with Dr. Deneen, Plaintiff demonstrated mild impairment of attention and concentration, intact memory, average to below average cognitive functioning, and good insight and judgment. (T at 506-07).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

The ALJ also reasonably found Plaintiff's activities of daily living more consistent with mild to moderate impairment.  In particular, Plaintiff was able to maintain personal hygiene, cook, clean, do laundry, and look for roommates and shop online. (T at 18-19, 23, 47-48, 82-84, 87, 376-78, 507).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of marked impairment where, as here, the claimant's activities are not consistent with that level of limitation *See Santana v. Saul*, No. 18 CIV. 10870 (PED), 2019 WL 6119011, at *8 (S.D.N.Y. Nov. 18, 2019)(collecting cases recognizing ALJ's ability to discount assessment as inconsistent with claimant's activities); *see also Dorta v. Saul*, No. 19CV2215JGKRWL, 2020 WL 6269833, at *6 (S.D.N.Y. Oct. 26, 2020).

Notably, the ALJ did not disregard the evidence of limitation in Plaintiff's ability to meet the mental demands of basic work activity. Instead, the ALJ limited Plaintiff to work requiring no more than occasionally work-related judgments, decisions, and changes; involving only simple, routine, and repetitive tasks; requiring no more than occasional interaction with supervisors and co-workers; and involving no interaction with the public. (T at 19).

This conclusion, which is supported by the assessments of the consultative examiner and State Agency review physicians (T at 114, 133-34, 507-08) and which is based on a reasonable reading of the record, must be sustained under the deferential standard of review applicable here. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that

ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

> B.    Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v.*

*Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff reported that he lived alone; had some difficulty dressing but could bathe; prepared meals for himself three times per day, washed dishes, and did laundry. (T at 374-76). He rarely went

outside due to anxiety, but walked, had a driver's license, and was able to go outside alone. (T at 377). He cannot pay his bills or handle a savings account but can count change and shop via phone. (T at 377-78).

Plaintiff has no hobbies or interests and does not spend time with others. (T at 378). He reported no problems getting along with family and friends, no problems paying attention, could finish tasks that he started, could follow spoken and written instructions, had no problems getting along with authority, never lost a job due to getting along with others, and had no trouble remembering things. (T at 379-81). He has frequent panic attacks, cannot travel by himself, and he has difficulty socializing with others. (T at 384).

At his administrative hearing on January 10, 2022, Plaintiff testified that he had not gone to the doctor's office in three years and had groceries delivered to him. (T at 79). He does not do anything during the day except check email, monitor Craigslist messages, and search for roommates on his computer. (T at 82-84). He prepares simple meals for himself, can do laundry, wash the dishes, sweep, and maintain the yard, but has not left his house in a year. (T at 83, 87, 88). He gets nauseous and his chest gets tight when he leaves his house. (T at 90).

At his administrative hearing on September 7, 2022, Plaintiff testified he last left his house a year and a half ago, as he gets his groceries delivered by ShopRite and he does not attend in-person doctor's appointments. (T at 43).

On a typical day, Plaintiff wakes up, makes himself something to eat, goes on the computer, makes phone calls, prepares dinner at night, takes a shower, and goes to bed. (T at 45). He had a home health aide but testified that he did not need those services. (T at 47-48).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 20).

For the following reasons, the Court finds the ALJ's assessment of Plaintiff's subjective statements supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling psychiatric symptoms not fully consistent with the treatment record, which, as discussed above, the ALJ reasonably read as documenting generally unremarkable clinical findings and solid symptom management over time. (T at 20-24).  Plaintiff's subjective statements were likewise not supported

by the assessments of the consultative examiner and State Agency review physicians, who assessed mild to moderate limitation. (T at 114, 133-34, 507-08).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

In addition, the ALJ found Plaintiff's activities of daily living inconsistent with his complaints of disabling symptoms.  (T at 23).

Although, as discussed above, ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539

(AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).

Although Plaintiff suffers from some limitation in his ability to meet the mental demands of basic work activity the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found him limited to a reduced range of work. (T at 19).  This conclusion is supported by substantial evidence for the reasons outlined above and must therefore be sustained. *See Knief*, 2021 WL 5449728, at *1–2, 8–9 (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications)

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner is granted Judgment on the Pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: March 1, 2024          *s/ Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge